**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ALEKSANDER POPARIC,                              **SUPPLEMENTAL**
                Plaintiff,         **REPORT AND**
      - against -                              **RECOMMENDATION**

JUGO SHOP, et al.,                               08-CV-2081 (KAM) (JO)
                Defendants.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

On December 16, 2009, I issued a Report and Recommendation concerning the pending motion by plaintiff Aleksander Poparic ("Poparic") for the entry of a default judgment against defendants European Music and Video Store ("European") and Svetlana Anicic ("Anicic"). Docket Entry ("DE") 14 (the "R&R"); *see* DE 7 (motion).[1] Twelve days later, before the deadline for filing objections to the R&R, Poparic filed a notice in which he purported to voluntarily dismiss all of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). DE 16. For the reasons set forth below, I respectfully recommend that the court should vacate that notice and order Poparic to show cause why he should not be required to elect either the dismissal of his Complaint with prejudice or the entry of judgment on the basis of his pending motion, subject to any timely objections he may have to the R&R.

I.    <u>Background</u>

A detailed statement of the facts and proceedings in this action is set forth in my earlier report. *See* R&R at 2-4. For purposes of the instant recommendation, I provide the following summary. Poparic filed the Complaint in this action on May 21, 2008, accusing European and

---

[1] Poparic has previously asserted and dismissed claims against a third defendant in this action named Jugo Shop. DE 12 (notice of dismissal); DE 13 (order dismissing claims against Jugo Shop). I therefore exclude Jugo Shop from all references to "the defendants" below.

Anicic of selling pirated copies of movies to which Poparic owns the copyrights, thereby violating federal copyright law as well as federal and state unfair competition laws.  DE 1.  Several months later, on September 9, 2008, he successfully moved for the entry of a notation of default.  DE 5; Entry of Default dated September 24, 2008.  Several months after that, and over a year after filing his lawsuit, Poparic filed a motion for default judgment, in which he asked the court to enter judgment in his favor on all claims and award him $311,155 as well as injunctive relief.  DE 7 at 11-12.  On December 16, 2009, I issued an R&R that analyzed Poparic's claims and urged the court to order far less relief than Poparic sought.  R&R at 17-18.  Specifically, after analyzing the several legal, logical, and factual defects in Poparic's pleading and motion papers, I recommended that the court award him only $12,530 on his federal copyright claim against European, deny the remainder of his requests for relief, and dismiss all other claims.  *Id.*

At that point, more than 18 months after initiating this lawsuit, Poparic changed his mind about pursuing his claims, at least in this action.  On December 28, 2009, he filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  DE 16 ("Notice").  At the time he filed his Notice, the only thing that had changed in the circumstances of this case, as far as I can discern from the docket, is that Poparic had invoked his right to seek relief and – as a result of this court's discretionary procedures concerning the division of business among its judicial officers – had been given a preview of the possible outcome rather than an order that actually disposed of his claims.  By invoking the voluntary dismissal provision of Rule 41 and specifying that the dismissal of his claims should be without prejudice, Poparic has sought to put himself in a position in which he can later reinstate his claims before a different judge and hope for a better outcome than the one I recommended.  In

2

essence, not content with one judge's analysis of his claim, he now seeks to create an opportunity to find another more to his liking.

II.     Discussion

As noted at the outset, I recommend that the court can and should vacate the Notice and instead require Poparic to choose between two different ways of achieving, in this lawsuit, the final resolution of his claims against the defendants – either by dismissing his claims with prejudice, or by resolving them on the merits by litigating any timely objections he may have to the R&R. Explaining why the court should enter such an order, as opposed to why it is empowered to do so, is the easier part of the analysis, and the part that I address first.

In the circumstances described above, it would be unfair to the defendants to allow Poparic to continue to hold over their heads the prospect of further litigation and a large recovery. Under the normal application of the rules governing a party's default, a rational defendant who believes that a plaintiff's complaint is defective can weigh the costs of litigation against the perceived risk of liability and decide that it is most efficient to simply ignore the lawsuit and risk a default judgment. Allowing the plaintiff to obtain a preview of the possible outcome and then take advantage of that preview to improve its case against the defendant can complicate that efficient decision-making process and simply shift to the judiciary the cost of improving the plaintiff's case.

The proceedings in the instant case illustrate the inefficiency of allowing Poparic to withdraw its claims without prejudice at this juncture rather than requiring that they be finally resolved in this court. The defendants in this case received notice of Poparic's Complaint and could easily see for themselves that, as explained in the R&R, most of the claims against

European, and all of the claims against Anicic, were facially defective. *See* R&R at 5-9. Anicic could rationally have decided she had no reason to respond, trusting that the court would reach the same conclusion. European could rationally have decided that while the Complaint did state a cause of action for copyright infringement, the likely penalty for that violation might well be less than the cost of litigating the claim; particularly in light of the fact that in the event it was found liable it would have to pay all of its adversary's costs and reasonable attorneys' fees.

European's confidence in such an analysis of the costs and benefits of litigating the case would only have been bolstered as the case progressed. After Poparic filed his motion for default judgment, I gave Poparic an opportunity to supplement its submissions in support of the motion and explicitly stated that "[t]his will be the plaintiff's final opportunity to present argument or evidence in support of any request for relief." Order dated June 5, 2009. European knew of that order – Poparic served it on European at my direction, *see* DE 11 – and would have known from monitoring the docket that Poparic did not thereafter file anything further in support of his motion, choosing instead to rely on his initial submissions. Relying on the fact that the court had said it would accept no further submissions in support of the motion, European could easily have analyzed the record as I did, and again concluded that its most efficient course of action was to do nothing and await a judgment that would likely be less costly than any efforts to litigate the issues in the case.[2]

---

[2] To be clear, I do not speculate that either defendant actually performed any such cost-benefit analysis. My point is only that the applicable procedural rules and the course of the proceedings in this case could have led a rational defendant seeking to minimize the costs arising from this lawsuit to do nothing, without depriving Poparic of any legitimate opportunity to vindicate his rights under pertinent law.

Under such circumstances, allowing Poparic now to withdraw his claims without prejudice – thereby preserving the option of reinstating the claims later in this court or elsewhere – would be somewhat unfair. In essence, it would force the defendants to litigate not only against Poparic and his counsel, but against the court itself, which, by virtue of a detailed report and recommendation, would have provided Poparic with the guidance he and his counsel needed to improve their pleadings and proof enough to withstand scrutiny the next time Poparic seeks to litigate his claims. It would, in addition, complicate the task of defendants who are served with defective pleadings, requiring them to try to predict not only whether the claims as stated are likely to be sufficient to make a response worthwhile, but also whether a court will provide enough guidance in rejecting the claims to increase the risk that the plaintiff's second attempt at litigation will be more successful. In explaining this fairness concern, I do not mean to express any concern that allowing a plaintiff in Poparic's position to reinstate his insufficiently pleaded but factually supportable claims will deprive a defendant of the windfall of forever escaping liability for a violation of the plaintiff's rights. Rather, my concern is that a defendant who knows that he is liable should be encouraged to make a rational calculation about how best to respond to a plaintiff's claims in a way that will respect the plaintiff's rights while keeping litigation costs as low as possible. Permitting Poparic to withdraw his claims without prejudice in the circumstances here frustrates that goal.

Poparic's tactic also impairs society's interest in judicial economy. A plaintiff in Poparic's position is unquestionably entitled to one full and fair opportunity to litigate his claims before an impartial tribunal. Had the court simply decided the pending motion for a default motion in the first instance, rather than referring it to me for analysis, Poparic would have had that opportunity.

5

In such circumstances, if the court had analyzed the case as I did in the R&R and entered judgment accordingly, Poparic would not have had the opportunity he now seeks to be able to withdraw his Complaint without prejudice, adapt his pleadings to the court's analysis, and try again. Instead, his only option for pursuing greater relief than the court found appropriate would be to seek review of the court's decision. If, by referring the motion for a default judgment to a magistrate judge rather than deciding it in the first instance, the court is unable to avoid the possibility that a plaintiff like Poparic will take unfair advantage of the opportunity to review the recommended outcome, district judges will be forced to confront a dilemma: either forego some of the judicial efficiencies that Congress contemplated in creating the office of magistrate judge, *see* 28 U.S.C. 631 *et seq.*, or give some plaintiffs the unfair tactical advantage of having multiple opportunities to obtain the litigation results they prefer.

The possibility that allowing Poparic to pursue the course he has chosen is both unfair and inefficient is not, by itself, a sufficient reason to question the propriety of his dismissal notice. Regardless of any policy concern, this court is bound by the text of a procedural rule that provides, in pertinent part, that a plaintiff may unilaterally choose to dismiss an action without prejudice "before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). The defendants in this case have not answered, and there is no pending motion for summary judgment, and at first blush that appears sufficient to entitle Poparic to file his Notice.

As explained below, however, I believe that the court has the authority to conclude that Poparic's decision to file a motion for the entry of a default judgment had several implications, one of which was to serve as the functional equivalent of a motion for summary judgment by the

6

defendants against whom Poparic sought relief. In a case where the named defendant appears and contests the claims in the plaintiff's complaint, the mechanism of a summary judgment motion allows the defendant to ask the court to consider all of the facts in the record and determine that those cannot support a finding of liability. The same relief is also available, albeit via a different procedural route, to a defendant who, after conducting a cost-benefit analysis, declines to file an answer to a complaint. Such a defendant can, in effect, concede that all of the factual allegations in the complaint are true, and wait for the court to conclude – in the course of assessing the plaintiff's motion for default judgment – that those facts do not support the plaintiff's claims and that, because the evidentiary record is complete, the complaint must therefore be dismissed. In other words, the plaintiff's motion for a default judgment triggers exactly the same form of judicial review that would follow a defendant's motion for summary judgment – so long as the defendant is content to rest on the complaint's factual allegations as the evidentiary record. And one effective (and efficient) way for a defendant to signal that she is willing to adopt a complaint's factual allegations as true for purposes of liability is simply to do nothing in response to the service of process.

Accordingly, I conclude that Poparic's motion for default judgment was the functional equivalent of a motion by the defendants for summary judgment pursuant to Federal Rule of Civil Procedure 56(b) (as well as an adoption by the defendant of the Complaint as the statement required under Local Civil Rule 56.1). As a result, at the time Poparic filed his Notice, a motion for summary judgment had effectively been served, and Poparic therefore is not entitled to invoke subsection (a)(1) of Rule 41 and thereby unilaterally force the court to accept the dismissal of his claims without prejudice.

7

The foregoing interpretation of Rule 41(a)(1) is entirely consistent with its design and purpose. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397-98 (1990) (noting that Rule 41(a)(1) "was designed to curb abuses of [previous] nonsuit rules" and that the rule "does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers").[3] It is also in accord with the law of this circuit. In *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), the plaintiff sought a preliminary injunction against the defendants, only to have its effort rebuffed by the district court judge who concluded that "the plaintiffs' chances of success on the ultimate trial were 'remote, if not completely nil.'" *Id*. at 107. After further procedural maneuvers by both sides in the district court and elsewhere, the plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1). The defendants asked the district court to vacate the notice and instead impose an injunction against the plaintiff. The district court, treating the dismissal notice as binding, denied the defendants' motions. *Id*. The Court of Appeals, however, reversed, reasoning that

> although the voluntary dismissal was attempted before any paper labeled 'answer' or 'motion for summary judgment' was filed, a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached.

*Id*. at 108 (citations omitted).

---

[3] In *Cooter & Gell*, the Supreme Court ruled that a plaintiff's voluntary dismissal under Rule 41(a)(1) does not deprive the district court of jurisdiction to impose sanctions under Federal Rule of Civil Procedure 11. *See id*. at 395. Even if this court concludes that the circumstances here do not suffice to vacate the dismissal Notice against Poparic's will, it is plainly permissible, notwithstanding that Notice, for the court to consider *sua sponte* the imposition of Rule 11 sanctions as an alternative to dismissal with prejudice if the defects in Poparic's Complaint and motion papers are deemed sufficiently severe. One possible basis for such a determination would be Poparic's assertion of claims under the common law of Connecticut, despite the fact that there is no reasonable basis for believing such law to have any bearing on the parties' dispute. At this point, I make no recommendation as to whether the court should consider such sanctions.

I recognize that *Harvey Aluminum* has received a "'cool reception' .... [and] stands as the only decision in which [the Court of Appeals for the Second Circuit has] rejected a strict construction of Rule 41(a)(1)(i)." *Johnson Chemical Co., Inc. v. Home Care Products, Inc.*, 823 F.2d 28, 30 (2d Cir. 1987) (citing *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979); *Santiago v. Victim Servs. Agency, Metro. Assistance Corp.*, 753 F.2d 219, 222 (2d Cir. 1985) (collecting cases)), *abrogated on other grounds*, *Cooter & Gell*, 496 U.S. at 394-97. Nevertheless, it remains the law of this circuit that in an extreme case in which the plaintiff would obtain an unfair advantage by dismissing its case without prejudice after first litigating the merits of its claims, a court may properly strike the notice of dismissal. *See*, *e.g.*, *Littman v. Bache & Co.*, 252 F.2d 479, 481 (2d Cir. 1958) (distinguishing *Harvey Aluminum* in a case where "the merits of the controversy were never before the court").

Because the voluntary dismissal of Poparic's claims without prejudice at this stage would ratify just the kind of abusive practice that the Supreme Court has recognized subsection (a)(1) of Rule 41 was designed to avoid, the court can and should vacate the Notice. If it does, Poparic may of course proceed instead under subsection (a)(2) of the same rule, which allows a plaintiff to secure the voluntary dismissal of his lawsuit "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In determining the appropriate terms for a voluntary dismissal under the latter rule, the court may plainly take into account the fairness and efficiency concerns discussed above. Requiring Poparic to explain his actions by means of an order to show cause why he should not be required to make an election between the dismissal of his Complaint with prejudice and the final resolution of the merits of his claims would put the court in a position to assess such concerns and determine for itself an appropriate disposition.

9

III. Recommendation

For the reasons set forth above, I respectfully recommend that the court vacate plaintiff Poparic's Notice of Voluntary Dismissal and order him to show cause why he should not be required to elect either the dismissal of his Complaint with prejudice or the entry of judgment on the basis of his pending motion, subject to any timely objections he may have to the Report and Recommendation I issued on December 16, 2009.

IV. Objections

I direct the plaintiff to serve a copy of this Supplemental Report and Recommendation on each defendant by certified mail, and to file proof of service with the court no later than January 6, 2010. Any objections to this Supplemental Report and Recommendation must be filed no later than January 20, 2010; moreover, in light of the interrelationship between my earlier recommendations and those made here, I extend until that same date the deadline for any party to file objections to my earlier recommendations. Failure to file objections within this period waives the right to appeal the court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
December 30, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge