UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

ALEKSANDER POPARIC,

     Plaintiff,

  - against –

JUGO SHOP, EUROPEAN MUSIC AND VIDEO
STORE, and SVETLANA ANICIC,

     Defendants.
-------------------------------------X

<u>**MEMORANDUM & ORDER**</u>

08-CV-2081 (KAM) (JO)

MATSUMOTO, United States District Judge:

     Presently before the court in this copyright
infringement action are plaintiff's objections to Magistrate
Judge James Orenstein's December 16, 2009 Report and
Recommendation (the "R&R") (Doc. No. 14) regarding plaintiff's
motion for default judgment and December 30, 2009 Supplemental
Report and Recommendation ("Suppl. R&R") (Doc. No. 17),
familiarity with which is presumed. (*See* Doc. No. 19,
Plaintiff's Objections ("Pl. Obj").) For the reasons set forth
herein, plaintiff's objections are overruled and default
judgment shall be entered in accordance with the December 16,
2009 R&R.

<u>**BACKGROUND**</u>

**A. Procedural History**

     On May 27, 2009, plaintiff moved for default judgment
against defendants European Music and Video Store ("European")

and Svetlana Anicic ("Anicic").[1]  (Doc. No. 7.)  By Order dated

June 3, 2009, plaintiff's motion for default judgment was

referred to Magistrate Judge Orenstein "to conduct an inquest as

to jurisdiction, damages, attorneys['] fees, and injunctive

relief."[2]  (Doc. No. 10, Referral Order.)  On December 16, 2009,

Magistrate Judge Orenstein issued a thorough Report and

Recommendation concerning plaintiff's motion for default

judgment.  On December 28, 2009, three business days before the

deadline for filing objections to the R&R, plaintiff filed a

notice in which he purported voluntarily to dismiss all claims

without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

(*See* Doc. No. 16, Notice of Voluntary Dismissal.)  Thereafter,

on December 30, 2009, Magistrate Judge Orenstein issued another

thoughtful Supplemental Report and Recommendation ("Supplemental

R&R") recommending that the court vacate plaintiff's Notice of

Voluntary Dismissal and order plaintiff "to show cause why he

should not be required to elect either dismissal of his

Complaint with prejudice or the entry of judgment on the basis

---

[1] On June 15, 2009, Jugo Shop, a defendant that did not appear
and against whom default judgment was not sought, was
voluntarily dismissed from this action without prejudice.  (Doc.
No. 12, Notice of Voluntary Dismissal.)

[2] This case was initially assigned to the Honorable Charles P.
Sifton and subsequently reassigned to the undersigned on
November 24, 2009.

of his pending motion, subject to any timely objections he may have to the R&R." (Doc. No. 17, Supplemental R&R at 1, 10.)

By Order to Show Cause filed on February 18, 2010, the court, *inter alia*, vacated without prejudice plaintiff's Notice of Voluntary Dismissal to retain jurisdiction over this matter and directed plaintiff to show cause why he should not be required to elect either dismissal of his Complaint with prejudice or the entry of judgment pursuant to the R&R issued in response to his default judgment motion. (Doc. No. 20, Order to Show Cause, at 3.) The court also directed "plaintiff and his counsel" each to show cause why the court should not impose sanctions upon plaintiff or his counsel pursuant to Fed. R. Civ. P. 11, explaining the legal and factual bases upon which the plaintiff's state law claims are grounded, and the bases for believing that such state law had any bearing on the instant action. (*Id.*)

## B. Response to Show Cause Order

On February 24, 2010, plaintiff's counsel, David N. Tarlow, responded to the court's Order to Show Cause. (Doc. No. 22, Declaration of David N. Tarlow ("Tarlow Decl.").) In his response, Mr. Tarlow states that he has represented plaintiff Aleksander Poparic ("Poparic") since 2005 and, during that time, he has commenced actions on plaintiff's behalf in an effort to "sto[p] infringement of motion pictures" registered to

3

plaintiff. (*Id.* ¶ 4.) Mr. Tarlow further states that upon
receipt of Magistrate Judge Orenstein's December 16, 2009 R&R,
"it was clear that my client's goals in this litigation of
stopping infringement, would not be met, as there was not a
recommendation for an injunction, nor was there a recommendation
to hold the owner of European Music and Video Store liable for
the acts of infringement." (*Id.* ¶ 6.) Mr. Tarlow further
states that after speaking with his client about the R&R and his
belief that the action could be dismissed "as of right" pursuant
to Fed. R. Civ. P. 41(a)(1)(A), Mr. Poparic instructed Tarlow to
dismiss the matter without prejudice. (*Id.* ¶¶ 6-7.) Mr. Tarlow
further states that "the amount of the recommended recovery was
not an issue in dismissing the case." (*Id.* ¶ 7.) Mr. Tarlow
requests that plaintiff be permitted to voluntarily dismiss the
action pursuant to Fed. R. Civ. P. 41(a)(1)(A) and, "[i]f the
Court is not so inclined, Plaintiff respectfully requests that
judgment be issued as per the R&R of December 16, 2009.
Plaintiff does not wish to dismiss the matter with prejudice."
(*Id.* ¶ 8.)

      In response to the court's February 18, 2010 Order to
Show Cause why Rule 11 sanctions should not be imposed,
plaintiff's counsel submitted a declaration only on his behalf,
and failed to submit his client's declaration, as ordered. (*See*
Order to Show Cause at 3.) Mr. Poparic has failed to comply

                                    4

with the Show Cause Order and has not been relieved of his

obligation to comply with the court order.[3]

Mr. Tarlow requests that Rule 11 sanctions not be

imposed upon him or Mr. Poparic for bringing common law claims

pursuant to Connecticut law even though he concedes that no

basis in fact or law existed for such claims. Specifically, Mr.

Tarlow states that he and his client should not be sanctioned

because he used "the form of a Complaint which [Tarlow] prepared

for a potential copyright action which was to be filed in

Connecticut." (*See* Tarlow Decl. ¶ 5.) Mr. Tarlow states that

references to Connecticut "should have stated 'New York'." (*Id.*

¶ 11.) Mr. Tarlow acknowledges that he made "errors" in his

pleadings of which he remained unaware until December 16, 2009,

the date of Magistrate Judge Orenstein's R&R. (*See id.* ¶ 18.)

**C. The December 16, 2009 R&R**

In a thorough 18-page Report and Recommendation,

discussed further below, Magistrate Judge Orenstein recommends,

pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), that plaintiff's

---

[3] The court may retain jurisdiction to impose Rule 11 sanctions
even after the entry of a final judgment. *See Perpetual Secs.,
Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002) ("Although the
district court lacked jurisdiction to decide the merits of the
underlying action, it retained the power to determine collateral
issues, such as the appropriateness of sanctions") (citing *Willy
v. Coastal Corp.*, 503 U.S. 131, 137-39 (1992) (affirming
imposition of Rule 11 sanctions even when it was later
determined that district court lacked subject matter
jurisdiction)).

motion for default judgment be granted and that plaintiff be awarded damages in the total amount of $12,530. (*See* R&R at 1.) As to liability, the R&R recommends that default judgment be granted on plaintiff's first cause of action for copyright infringement against defendant European only, and that the court dismiss all other causes of action, including plaintiff's Lanham Act claim for trademark infringement, unfair competition claims under Connecticut law, and all federal and state claims against individual defendant Anicic. (*Id.*) As to relief, the R&R recommends that plaintiff be awarded $10,000 in statutory damages, $2,000 in attorney's fees and $530 in costs, and that plaintiff's request for a permanent injunction be denied. (*Id.*) In so recommending, the R&R, *inter alia*, analyzes plaintiff's claims under the applicable legal standards and points out the significant pleading defects in the Complaint as related to plaintiff's claims against defendant Anicic, alleged liability under Connecticut common law and the Lanham Act, and request for a permanent injunction. (*See* R&R at 5-9, 13-14.)

**D. The December 30, 2009 Supplemental R&R**

As previously mentioned, the Supplemental R&R recommends that the court vacate plaintiff's Notice of Voluntary Dismissal and direct that plaintiff show cause why he should not be required to elect dismissal of the Complaint with prejudice or the entry of judgment on the basis of his pending motion for

6

default judgment.  (Suppl. R&R at 10.)  The Supplemental R&R

recognizes that Fed. R. Civ. P. 41(a)(1)(A)(i) permits a

plaintiff to dismiss an action "before the opposing party serves

either an answer nor a motion for summary judgment." (*Id.* at 6)

(quoting Fed. R. Civ. P. 41(a)(1)(A)(i).)  The Supplemental R&R

reasons that notwithstanding the language of the rule and the

fact that neither an answer or summary judgment motion have been

filed, plaintiff's filing of a default judgment motion "had

several implications, one of which was to serve as the

functional equivalent of a motion for summary judgment by the

defendants against whom Poparic sought relief." (Suppl. R&R at

6-7.)  In so concluding, the Supplemental R&R reasons that

plaintiff's default judgment motion "triggers exactly the same

form of judicial review that would follow a defendant's motion

for summary judgment — so long as the defendant is content to

rest on the complaint's factual allegations as the evidentiary

record." (*Id.* at 7.)

The Supplemental R&R further reasons that dismissal of

plaintiff's Complaint without prejudice under the circumstances

and procedural history of this case impairs the interests of

judicial economy. (*See id.* at 5.)  The Supplemental R&R points

out that had this court decided the pending default judgment

motion rather than referring it to a magistrate judge pursuant

to 28 U.S.C. § 636(b), plaintiff would have had only one full

and fair opportunity to litigate his claims. (*See id.* at 5.)
Because the court referred plaintiff's motion for a report and
recommendation, if plaintiff is permitted to withdraw his
Complaint without prejudice, he would have the opportunity to
"adapt his pleadings to the court's analysis, and try again."
(*Id.* at 6.)  The Supplemental R&R thus highlights a "dilemma"
faced by district courts that refer default judgment motions to
magistrate judges:  "either forego some of the judicial
efficiencies that Congress contemplated in creating the office
of magistrate judge, or give some plaintiffs the unfair tactical
advantage of having multiple opportunities to obtain the
litigation results they prefer."  (*Id.*)

### E. Plaintiff's Objections

Plaintiff has objected to both the R&R and
Supplemental R&R.  (*See* Doc. No. 19.)  Initially, plaintiff
objects "to the fact that he is being compelled by the
Supplemental Report and Recommendation . . . to respond to the
Report and Recommendation, as Plaintiff dismissed the case, and
the Court, as a matter of law, does not have jurisdiction to
adjudicate the merits of the case any longer." (*Id.* at 5.)
Citing no relevant legal authority, plaintiff further objects to
the issuance of the Supplemental R&R because the court "has not
designated the Magistrate Judge to conduct any proceedings
regarding voluntary dismissal." (*Id.* at 4.)

With respect to the Supplemental R&R, plaintiff principally contends that he may dismiss the Complaint as a matter of right and without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A). (*Id.* at 2.) Plaintiff states that he has not decided whether he "ever will re-file this action in the future." (*Id.*)

With respect to the December 16, 2009 R&R, plaintiff objects to the R&R on two grounds: (1) it does not recommend that individual defendant Anicic be held liable for copyright and (2) it recommends that plaintiff's request for a permanent injunction be denied.[4] In his response to the court's February 18, 2010 Show Cause Order, plaintiff's counsel apparently retreats from his previous objections to the December 16, 2009 R&R and requests that if the court is not "inclined" to "reinstate" the notice of voluntary dismissal, "that Judgment be issued as per the R&R of December 16, 2009." (Tarlow Decl. ¶ 8.)

---

[4] Plaintiff has not objected to the recommendation that the default judgment motion be denied with respect to plaintiff's Lanham Act claims for trademark infringement and unfair competition claims under Connecticut common law, or the amount of the recommended statutory damages, attorney's fees and costs. The court finds no clear error as to these portions of Magistrate Judge Orenstein's R&R, and thus they are adopted as the opinion of the court. *See Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (citation and internal quotation marks omitted).

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court reviews *de novo* those portions of the report and recommendation to which timely "specific written objections" have been filed. *See* Fed. R. Civ. P. 72(b)(2)-(3); *accord* 28 U.S.C. § 636(b)(1)(C).

Initially, the court finds that plaintiff's objection to the issuance of a Supplemental R&R is without merit. Plaintiff's motion for default judgment was referred to Magistrate Judge Orenstein for a report and recommendation by the district court. (Doc. No. 10, Referral Order.) Magistrate Judge Orenstein's Supplemental R&R was related to his initial R&R and was within his authority. In any event, the "entire process" of determining the disposition of the default judgment motion "takes place under the district court's total control and jurisdiction" and the district court exercises "ultimate authority to issue an appropriate order . . . ." *See Thomas v. Arn*, 474 U.S. 140, 153 (1985) (internal citations internal quotation marks omitted). The court thus finds no merit to plaintiff's challenge to the magistrate judge's actions.

**A. The December 30, 2009 Supplemental R&R**

As previously mentioned, plaintiff seeks to dismiss the Complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). The court has already vacated plaintiff's Notice of Voluntary Dismissal and, for the following reasons, the court concludes that plaintiff may not voluntarily dismiss this action without prejudice.

In pertinent part, Rule 41 provides that a plaintiff may dismiss an action "without a court order" by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(A)(i). "Unless the notice . . . states otherwise," a dismissal pursuant to Rule 41(a)(1)(A) "is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). "But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." (*Id.*)

Recently, the Second Circuit observed that "a plaintiff who has not been served with an answer or motion for summary judgment has an 'unfettered right voluntarily and unilaterally to dismiss an action.'" *Wolters Kluwer Fin. Servs. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (quoting *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979)). The *Wolters* court further observed that "dismissal of a suit may be

disruptive and annoying, but it is permitted by the rules . . .
." *Id.*  The Second Court noted that as "long as the plaintiff
has brought himself within the requirements of Rule 41, his
reasons for wanting to [dismiss] . . . are not for us to judge."
*Id.* (quoting *Thorp*, 599 F.2d at 1177 n.10).

   In the *Wolters* case, the Second Circuit reversed the
imposition of non-monetary sanctions imposed pursuant to the
court's inherent power upon a law firm where the district court
found that the law firm's principal purpose in filing a Rule 41
voluntary dismissal notice on the plaintiff's behalf "was to
judge-shop . . . to conceal from its client deficiencies in
counsel's advocacy . . . ." *Id.* at 114 (quotation marks
omitted).  In reversing the district court's sanctions order,
the Second Circuit found that the plaintiff's law firm was
"entitled to file a valid Rule 41 notice of voluntary dismissal
for any reason, and the fact that it did so to flee the
jurisdiction or the judge does not make the filing
sanctionable." *Id.*  The court thus ruled that "because the
district court made no finding" that the law firm "acted in bad
faith in voluntarily dismissing the case under Rule 41, and
because [the law firm] was entitled by law to dismiss the case,
the district court's sanction against [the law firm] for filing
the voluntary dismissal must be reversed." *Id.*

The court finds that *Wolters* is distinguishable. There, the Second Circuit overturned sanctions against a law firm by concluding that it had not acted in "bad faith" by voluntarily dismissing an action pursuant to Rule 41 because the plaintiff was entitled to do so as of right. *See id.* Here, the Supplement R&R does not recommend that sanctions under the court's inherent power be imposed for plaintiff's filing of a voluntary dismissal notice. To the contrary, the Supplemental R&R points out that the court may instead *sua sponte* consider the imposition of Rule 11 sanctions for plaintiff's filing of baseless claims under Connecticut common law. (*See* Suppl. R&R at 8 n.3.)

Although the court recognizes the Second Circuit's admonition that Rule 41(a) provides an "unfettered" right to dismiss, under the circumstances, the court concludes that the case *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), relied upon by Magistrate Judge Orenstein, provides useful guidance as to when a plaintiff has sufficiently litigated the merits of a case to bar him from dismissing without prejudice. In *Harvey Aluminum*, the plaintiffs obtained an *ex parte* temporary restraining order ("TRO") pending a hearing and determination of their motion for a preliminary injunction. After an evidentiary hearing lasting several days and yielding a record of approximately 420 pages, the district

court dissolved the TRO and denied plaintiff's request for a
preliminary injunction, finding that plaintiffs had a "remote"
chance of success on the merits. *Id.* at 107. Anticipating that
plaintiffs sought to bring suit in a foreign jurisdiction,
defendants then moved to enjoin plaintiffs from commencing
further proceedings on the matter, and plaintiffs responded by
filing a notice of voluntary dismissal. *Id.* Defendants moved
to vacate the voluntary dismissal notice and the district court
declined to do so because neither an answer nor a motion for
summary judgment had been filed. *Id.* at 107-08. The Second
Circuit, however, reversed, refusing to apply Rule 41[5] so
"literal[ly]." *Id.* at 108. The court found that a Rule 41(a)
dismissal was not intended to be used at an "advanced stage" of
an action. The Second Circuit reasoned that because the "merits
of the controversy were squarely raised" and addressed by the
district court before the notice of voluntary dismissal was
filed, dismissal was inappropriate. *Id.* at 107-08.

---

[5] As quoted by the *Harvey Aluminum* court, Rule 41(a)(1) read, in
relevant part, that "an action may be dismissed by the plaintiff
without order of court (i) by filing a notice of dismissal at
any time before service by the adverse party of an answer or of
a motion for summary judgment . . . ." *Harvey Aluminum*, 203
F.2d at 107. The Advisory Committee's Notes for Rule 41
indicate that Rule 41(a)(1) has undergone non-substantive
"restyling." *See, e.g.*, Fed. R. Civ. P. 41 Advisory Committee's
Note (2007) ("The language of Rule 41 has been amended as part
of the general restyling of the Civil Rules to make them more
easily understood and to make style and terminology consistent
throughout the rules. These changes are intended to be
stylistic only" and "do not affect established meaning.").

Accordingly, the court reversed the district court's order "with directions to vacate the notice of dismissal, with leave to the plaintiff to move to dismiss the action" under Rule 41(a)(2).[6] *See id.* at 108.

As recognized in the Supplemental R&R, *Harvey Aluminum* has received "cool reception" and has been limited to its "extreme" facts. *See Thorp*, 599 F.2d at 1175-76; *see also Littman v. Bache & Co.*, 252 F.2d 479, 481 (2d Cir. 1958) (distinguishing *Harvey Aluminum* on the grounds that the "only issue that was raised before the District Court was whether to grant defendant's motion to transfer the action" and concluding that "[t]he merits of the controversy were never before the court"). In *Thorp*, the district court also held a hearing on the plaintiff's motion for a temporary restraining order, which was denied, and another hearing on the plaintiff's motion for a preliminary injunction, which was also denied. *Thorp*, 599 F.2d at 1171. The plaintiff then filed a notice of voluntary dismissal without prejudice, and the defendants moved to have that notice vacated. *Id.* The district court in *Thorp* vacated the dismissal, and treated the defendants' brief opposing the application for a temporary restraining order as the "equivalent" of a motion for summary judgment, which would

_____

[6] In pertinent part, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

15

terminate the plaintiff's right voluntarily to dismiss the action. *Id.* at 1173. The Second Circuit held that Rule 41(a)(1) uses precise language that is intended to serve as a "bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action" and that the two hearings in the district court did not justify abandoning a literal interpretation of the rule. *Id.* at 1176.

The Second Circuit did not overrule *Harvey* but instead distinguished *Thorp* on the facts. Specifically, the court observed that unlike in *Harvey Aluminum*, in *Thorp*

> [t]he district court had conducted a short untranscribed hearing, lasting less than two hours, during which no testimony was given. Only three causes of action out of the seven alleged in the complaint were addressed in either argument or memoranda of law by either side.

*Id.*

The *Thorpe* court also declined to treat the defendant's brief opposing the application for a temporary restraining order as the "equivalent" of a motion for summary judgment. *Id.* The Second Circuit reasoned that Rule 41(a)(1)

> dismissals will no longer be self-executing, as intended, if there is to be frequent judicial intervention for purposes of determining whether the "equivalent" of an answer or motion for summary judgment has been served or for the purpose of weighing whether the merits have been sufficiently considered by the court to warrant

> terminating the plaintiff's right to dismiss the
> proceedings.

*Id.*

Significantly, the *Thorpe* court observed that "there may be a point in legal proceedings where the purpose of Rule 41(a)(1)(i) would be better served by abandoning a literal interpretation" and found that "the instant case does not approach that point." *Id.* Accordingly, the court held "that at least in cases falling short of the extreme exemplified by *Harvey Aluminum*, notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur." *Id.*

Here, although the court respectfully declines to deem plaintiff's default judgment motion the "functional equivalent of a motion for summary judgment by the defendants" (Suppl. R&R at 7), for the reasons articulated in *Thorpe*, the court nevertheless concludes that under the unique circumstances of this case, plaintiff may not voluntarily dismiss the Complaint without prejudice. By moving for default judgment against defendants and submitting evidence in support thereof, plaintiff has "squarely raised" the "merits of the controversy" for the court's evaluation at an "advanced stage" of the case. *See Harvey Aluminum*, 203 F.2d at 107-08. After filing the default judgment motion on May 25, 2009, and after the court's June 4,

2009 Referral Order, Magistrate Judge Orenstein provided plaintiff with a "final opportunity to present argument or evidence in support of any request for relief." (*See* Docket Order dated June 5, 2009.) Plaintiff did not submit any additional evidence or amend his Complaint, and awaited a report and recommendation addressing the merits of the Complaint. Twelve days after the detailed 18-page R&R was issued on December 16, 2009, plaintiff filed a notice dismissing the entire action without prejudice on December 28, 2009. (Doc. No. 16.) Plaintiff's voluntary dismissal notice was filed at such an "advanced stage" of the litigation, that all that remained was this court's review of the R&R, in conjunction with any specific written objections pursuant to Rule 72(b)(2). Thus, plaintiff sought and obtained the court's careful consideration of the merits of his Complaint but sought dismissal without prejudice three business days before the objections period expired because, as plaintiff admits, he was not pleased with the court's R&R. (*See* Tarlow Decl. ¶ 6.) Similar conduct has been criticized. *See Harvey*, 203 F.2d at 108; *see also Erie-Lackawanna R.R. v. United States*, 279 F. Supp. 303, 307 (S.D.N.Y. 1967) (three-judge court) ("The idea that litigants . . . may invoke the jurisdiction of one federal court, require it to expend its energies in becoming familiar with the subject-matter, obtain interlocutory relief against enforcement of the

order, and then take their grievances to another federal court which they consider may be more favorable while their complaints remain pending for final disposition, does not commend itself in general").

The court's conclusion that plaintiff may not, at this advanced stage, dismiss the action without prejudice is consistent with the purpose of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (defining the "[s]cope and [p]urpose" of the Civil Rules). Pursuant to Rule 1, the Civil Rules "should be construed and administered to secure just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Littman*, 252 F.2d at 482 (Lumbard, C.J.) (dissenting) ("Rule 1 of the Federal Rules of Civil Procedure enjoins us to construe the rules 'to secure the just, speedy, and inexpensive determination of every action.' I think the injunction applies to this kind of forum shopping which multiplies expense and delay. The District Court had the power to vacate the voluntary dismissal under such circumstances as took place here. Exercising this power in such a proper case was not an abuse of discretion and I would affirm.").

Moreover, permitting plaintiff voluntarily to dismiss the Complaint without prejudice under the circumstances would undermine the purposes of promoting efficiency and fairness in

the expeditious administration of justice that Congress sought
to achieve through the Federal Magistrates Act, 28 U.S.C. §§ 631
*et seq*. *See Thomas*, 474 U.S. at 145 (observing that the
"fundamental congressional policy underlying the Magistrate's
Act" is "to improve access to the federal courts and aid the
efficient administration of justice").  Magistrate judges play
an important and invaluable role within the federal judicial
framework.  Their office exists "to assume some of the burden
imposed [on the district courts] by a burgeoning caseload."
*Wesley v. Alexander*, No. 99-CV-2168, 2005 U.S. Dist. LEXIS
43457, at *16 (S.D.N.Y. Apr. 29, 2005) (quoting *Chamblee v.
Schweiker*, 518 F. Supp. 519, 520 (N.D. Ga. 1981)); *see also
Wesley v. Alexander*, No. 99-CV-2168, 2005 WL 1352593, at *6
(S.D.N.Y. June 8, 2005) (discussing the "important" role played
by magistrate judges "within the federal judicial framework");
H.R. Rep. No. 1629, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.
Code Cong. & Admin. News 4252, 4257; *Federal Magistrates Act:
Hearings before Subcomm. No. 4 of the House Comm. on the
Judiciary*, 90th Cong., 2d Sess. 81 (1968) (testimony of Sen.
Tydings) ("We hope and think that innovative, imaginative judges
who want to clean up their caseload backlog will utilize the
U.S. magistrates in these areas [enumerated in 28 U.S.C. §
636(b)] and perhaps even come up with new areas to increase the
efficiency of their courts.").

The Supplemental R&R correctly points out that had plaintiff's default judgment motion not been referred for a report and recommendation, plaintiff would not have had the opportunity to dismiss the action under Rule 41(a)(1) even if plaintiff was dissatisfied with the disposition. *Cf. Wesley*, 2005 U.S. Dist. LEXIS 43457, at *16-17 (where counsel sought to introduce evidence and arguments he failed to raise before the magistrate judge, in a supplemental report and recommendation the magistrate judge observed that "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and — having received an unfavorable recommendation — shift gears before the district judge"). Nor should Poparic benefit from his attorney's carelessness and be permitted voluntarily to dismiss without prejudice the poorly pled Complaint and re-file, after having obtained the benefit of Magistrate Judge Orenstein's meticulous analysis. Accordingly, the court vacates plaintiff's Notice of Voluntary Dismissal.

**B. The December 16, 2009 R&R**

As previously mentioned, plaintiff objects to the December 16, 2009 R&R on the grounds that the R&R does not recommend that individual defendant Anicic be held liable for copyright infringement and because it recommends that plaintiff's request for a permanent injunction be denied. Each

objection is considered *de novo* and is addressed in turn below. *See* 28 U.S.C. § 636(b)(1)(C).

### 1. Liability of Anicic

Plaintiff argues that defendant Anicic should be held jointly and severally liable for copyright infringement. (*See* Pl. Obj. at 5.)  In support, plaintiff relies on paragraph 18 of the Complaint which alleges, *inter alia*, that defendants "European and Anicic . . . sold . . . four unauthorized copy [sic] of a Copyrighted Work of Art to . . . [a] third party purchaser . . . ."  (Compl. ¶ 18.)  The Complaint unintelligibly alleges that Anicic "is an individual, a business entity of unknown origin (hereinafter 'Euro'), has its principal place of business located in County of Queens, New York.  Plaintiff is informed and believes and thereon alleges that Zoran [a name that does not appear elsewhere in the Complaint] is a co-owner of Euro, and he operates and controls same."  (Compl. ¶ 7.) Other than in paragraphs 7 and 18, the Complaint does not reference defendant Anicic.  Plaintiff contends that these allegations, admitted by virtue of Anicic's default, are sufficient to create liability because "it constitutes copyright infringement to distribute copyrighted works to the public for sale without authorization."  (Pl. Obj. at 5.)  Plaintiff is mistaken.

The Copyright Act, 17 U.S.C. §§ 101, *et seq.*, "frames" individual liability "as contributory and vicarious infringement." *Moran v. deSignet Int'l*, 557 F. Supp. 2d 378, 384 (W.D.N.Y. 2008). "To establish contributory (direct) infringement, the plaintiff must show that the . . . individual defendants authorized the [infringing] use. To establish vicarious (indirect) liability, the plaintiff must allege that the . . . defendants had a right and ability to supervise [that] coalesce[d] with an obvious and direct financial interest in the exploitation of copyrighted materials." *Id.* (citations and internal quotation marks omitted; alternations in original); *see also Mattel, Inc. v. Robarb's, Inc.*, No. 00-CV-4866, 2001 U.S. Dist. LEXIS 11742, *24 (S.D.N.Y. Aug. 14, 2001) ("A corporate employee can be held personally liable for copyright infringement 'if the officer is a moving, active, conscious force behind [the defendant corporation's] infringement')" (quoting *Monsanto Co. v. Haskel Trading, Inc.*, 13 F. Supp. 2d 349, 354 (E.D.N.Y. 1998)).

Magistrate Judge Orenstein correctly concludes that plaintiff's allegations are insufficient to hold Anicic liable for copyright infringement. Plaintiff's allegations in paragraph 7 of the Complaint provide no basis to establish direct liability against Anicic, "an individual, a business entity of unknown origin . . . ." (*See* Compl. ¶ 7.)

Additionally, because plaintiff has failed to explain the sole reference to "Zoran" in paragraph 7, the court will not presume that plaintiff's reference thereto was inadvertent. Moreover, plaintiff's allegation in paragraph 18 that Anicic "sold" the copyrighted work is also insufficient to establish contributory or vicarious liability against Anicic. As pleaded, the Complaint does not even remotely indicate that Anicic had any right or ability to supervise or control the corporate entity, or that she otherwise had an obvious or direct financial interest in the exploitation of copyrighted materials.

Plaintiff also contends that he has submitted evidence which shows that [Anicic] is the owner of European . . . ." (Pl. Obj. at 5.) Specifically, plaintiff contends that an internet search printout entitled "Comprehensive Report" is a "public record" that establishes Anicic's ownership of European. (*See* Doc. No. 7, Affidavit of David N. Tarlow ("Tarlow Aff."), Ex. E, Comprehensive Report.) Magistrate Judge Orenstein observed that the report is "unreliable on its face" because the report indicates that public records "have errors," "should not be relied upon as definitively accurate, and the data "should be independently verified." (*See* Suppl. R&R at 9) (quoting Comprehensive Report.) Without establishing any independent verification of the data, and without citing any relevant legal authority, plaintiff contends that "evidence . . . based upon

public records which may have errors, in and of itself, does not show that [Anicic] is not the owner." (Pl. Obj. at 6.) Contrary to plaintiff's contention, based on the disclaimers contained in the "Comprehensive Report," the report is plainly inadmissible hearsay. *See* Fed. R. Evid. 803(8) (excepting from the prohibition against hearsay "[r]ecords, reports, statements, or data compilations . . . unless the sources of information or other circumstances indicate lack of trustworthiness"). Accordingly, the court adopts Magistrate Judge Orenstein's determination that there is no basis to hold defendant Anicic jointly and severally liable for copyright infringement.

### 2. Permanent Injunction

Plaintiff argues that he is entitled to a permanent injunction against European and Anicic. (Pl. Obj. at 6.) Based on plaintiff's failure to establish liability against Anicic, an injunction against her is not warranted. *See U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 319 (E.D.N.Y. 2007) ("[W]hen a copyright plaintiff has established liability and a threat of continuing infringement, he is entitled to an injunction") (citation omitted) (alteration in original).

Nor is there any basis to grant an injunction against defendant European. Assuming that plaintiff has demonstrated irreparable harm through European's liability for copyright infringement, *see Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei*

*Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002), plaintiff has failed to establish a threat of "continuing" copyright infringement. Here, plaintiff has failed to proffer any admissible evidence that European continues to infringe plaintiff's copyrights. Further, the Complaint, dated April 25, 2008, alleges only that plaintiff "is informed and believes" that defendants engaged in "repeated illegal and improper acts of copyright infringement" which is "continuing to the present . . . ." (Compl. ¶ 15.) There is, however, no indication whether European continued to infringe plaintiff's copyrights beyond the date of the Complaint. *Cf. U2 Home Entm't*, 482 F. Supp. 2d at 319 (finding that plaintiff movie company was entitled to an injunction based on evidence that defendants' conduct was willful and that, during the pendency of the lawsuit, defendants continued to infringe the movie company's copyrights). Accordingly, the court adopts Magistrate Judge Orenstein's recommended denial of plaintiff's request for permanent injunctive relief.

<u>**CONCLUSION**</u>

Plaintiff's objections to the December 16, 2009 R&R and December 30, 2009 Supplemental R&R are overruled. For the foregoing reasons, plaintiff's Notice of Voluntary Dismissal is vacated and the December 16, 2009 R&R is adopted in all respects.

Accordingly, the Clerk of the Court is respectfully directed to enter judgment in favor of plaintiff against defendant European Music and Video Store on the Complaint's first cause of action for copyright infringement in the total amount of $12,530, consisting of $10,000 in statutory damages; $2,000 in attorney's fees; and $530 in costs.  Plaintiff's motion for a permanent injunction is denied, and all other causes of action, including all claims against defendant Svetlana Anicic, are dismissed.  Plaintiff's counsel shall serve a copy of this Order upon all defendants and file proof of service no later than April 2, 2010.

SO ORDERED.

Dated:  Brooklyn, New York
        March 31, 2010

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York